# Shnyder *versus* Noble.

1. So far as real estate purchased by a married woman is concerned she may bind it for the purchase-money in any manner that she might were she sole.

2. As a personal obligation, the bond of a married woman is void, but where given to secure the purchase-money of land sold to her, it may be enforced against such land. It does not matter what the character of her purchase-money obligation may be, whether mortgage, bond or note, or whether judgment be obtained thereon by confession or suit, the land alone is charged and not the person of the feme covert.

March 31st 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas of *Northampton county:* Of January Term 1880, No. 147.

Debt on a bond by Daniel H. Shnyder against Frederick Noble and Anna M. Noble, his wife, to recover a payment of interest due on said bond.

Daniel H. Shnyder and his wife, by deed dated October 16th 1875, for the consideration of $10,000, sold and conveyed in fee to Anna M. Noble, one of the defendants, a house and lot in Easton. On the same day, the defendants executed and delivered to Shnyder their joint and several bond with lawful interest payable annually. At the same time they executed and delivered to the plaintiff their mortgage of said house and lot, to secure the

[Shnyder v. Noble.]

payment and conditions of said bond. The mortgage was recorded and ·contained a recital of the bond in suit, and that " this mortgage, and the said in part recited bond, were given to secure a balance of unpaid purchase-money of said premises." These facts were admitted on the part of the defendants, and the coverture of Anna M. Noble was admitted on the part of the plaintiff.

This action of debt was brought on the bond by the plaintiff to recover $300 interest, due April 16th 1878. Judgment was taken for default of an appearance. Execution was issued. Anna M. Noble then applied to have the judgment opened as to her and the execution stayed. The court opened the judgment and let her into a defence. On the rule no depositions were taken, all the facts being admitted by the parties. They were also admitted on the trial of the cause. The defendant pleaded *non est factum*, *nil debet* and *coverture*.

The court, Meyers, P. J., charged the jury as follows:

" The plaintiff, Daniel H. Shnyder, brought this action against Frederick W. Noble and Anna M. Noble, to recover the interest due and unpaid at that time. Judgment was obtained against the defendants by default, and upon petition filed by Anna M. Noble, one of the defendants, the judgment was opened as to her, and an issue made up between her and the plaintiff. It is admitted· that Anna M. Noble at the time of the execution by her of the obligation in suit was a married woman, and [though it was given for the balance of purchase-money of real estate conveyed by the plaintiff to her and secured by mortgage, there can be no recovery against her on the obligation by reason of her coverture.] The remedy of the plaintiff, so far as Anna M. Noble is concerned, is on the mortgage. [I therefore direct you to render a verdict in favor of the defendant.]

Verdict accordingly, and after judgment thereon, plaintiff took this writ, and alleged that the court erred in the portions of the above charge included in brackets.

*William C. Shipman*, for plaintiff in error.—In has been repeatedly held by this court that a judgment entered on the bond of a married woman by virtue of her warrant of attorney must be upheld: Patterson v. Robinson, 1 Casey 82; Ramborger's Adm'rs. v. Ingraham, 2 Wright 146; Brunner's Appeal, 11 Id. 73, and Sawtelle's Appeal, 3 Norris 306.

It is not easy to discover a difference or a distinction between these cases and the case at bar. If a married woman's bond with warrant to confess judgment will be upheld, why not her bond without the warrant? Where can a distinction be drawn between them? Surely the warrant of attorney did not render the judgments in either of the above cited cases valid. If the bonds were

void, certainly the warrant could not breathe life into them. Both the bond and the warrant were personal obligations, and stand in *pari materia*, and both must be valid or both void.

It is not contended in this argument that a married woman is personally liable, but her obligations given for purchase-money should be enforced against the land which she obtains. The court below has equitable powers over its judgment, and while the judgment is general, as in Patterson *v.* Robinson, the court can restrict the execution.

*W. S. Kirkpatrick*, for defendant in error.

Mr. Justice GORDON delivered the opinion of the court, May 3d 1880.

On the 16th of October 1875, in consideration of $10,000, Daniel H. Shnyder, the plaintiff, sold and conveyed, by deed in fee simple, to Anna M. Noble, the defendant, certain real estate in the borough of Easton. At the same time, to secure a balance of the purchase-money, the defendant and her husband executed to Shnyder a bond and mortgage. The bond was made payable in five years from its date, and conditioned, inter alia, for the payment of interest annually. Default was made in the payment falling due April 16th 1878, thereupon suit was brought and judgment by default had for the amount remaining due and unpaid. Afterwards, on motion, this judgment was opened as to Mrs. Noble, and, on the trial which followed, the court below charged the jury as follows: "It is admitted that Anna M. Noble, at the time of the execution by her of the obligation in suit, was a married woman, and though it was given for the balance of purchase-money of real estate conveyed by the plaintiff to her, and secured by mortgage, there can be no recovery against her on the obligation by reason of her coverture." This was erroneous; for, in the first place, where a married woman has executed a mortgage to secure the purchase-money of land, stipulating for the payment of interest at stated periods, accompanied with an agreement that, upon failure to pay such interest at the times fixed, the whole amount of the mortgage shall become due and payable, on default of such payment scire facias can be maintained for the full face of the mortgage: Glass *v.* Warwick, 4 Wright 140. Furthermore, a married woman may prescribe or waive such terms as she may think proper to prescribe or waive, so long as her acts are essentially part of the contract of sale and bind nothing but the property sold: Patterson *v.* Robinson, 1 Casey 81. This, of course, means that, so far as the property purchased by a feme covert is concerned, she may bind it for the purchase-money in any manner that she might were she sole.

Moreover, a bond secured by mortgage is part of the mortgage,

[Shnyder v. Noble.]

and must be regarded as one or more of the conditions of that instrument put, for the sake of convenience and more ready enforcement, into the shape of a bond. Such being the case, we cannot understand why such conditions may not be enforced as well when contained in the bond as when written in the mortgage itself. But, again, the bond of a married woman given for the purchase-money of land sold to her has been held to be good and enforceable against the property, the purchase-money of which it was intended to secure: Brunner's Appeal, 11 Wright 67. It is true, in this case, the bond was a judgment-bond, and unaccompanied by a mortgage, but, we apprehend, had it had this additional security no difference would have been made in the ruling, for the mere fact of such security could have had no effect upon the power of the married woman to execute the bond. It still would remain a bond for purchase-money, the single and only case in which a married woman has power to execute such an instrument. So that judgment could be had upon the obligation by force of the power of attorney could make no difference, for if her warrant was good at all, it was good because of her power to bind herself, or rather, the land purchased by her, and it would hence follow that if she had the power to execute a bond with a warrant of attorney, she had, *a fortiori*, the power to execute a bond without such warrant.

As a personal obligation, the bond of a married woman is void, but where given to secure the purchase-money of land sold to her, on equitable principles and to prevent injustice, it may be enforced against such land. From this it follows that a suit upon such bond must be regarded as a proceeding *in rem*, as the judgment is a charge only upon the land, and against it, alone, can it be enforced. So it matters not what the character of the purchase-money obligation may be, whether mortgage, bond or note, or whether judgment be obtained thereon by confession or suit, the result is the same; the land alone is charged, and not the person of the feme covert.

The judgment is reversed, and a new venire ordered.